**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert Edward Lee ROSS, Defendant—Appellant.**

**No. 07–50200.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2008.

Filed March 13, 2008.

Michael J. Raphael, Esq., Damian J. Martinez, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Stephen Borgo, Esq., Law Office of Stephen Borgo, Pasadena, CA, for Defendant–Appellant.

Before: FARRIS, FISHER and M. SMITH, Circuit Judges.

MEMORANDUM *

In 2002, Robert Edward Lee Ross ("Ross") pled guilty to bank robbery under

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

18 U.S.C. § 2113(a). The district court imposed a 63–month term of imprisonment, followed by three years of supervised release. One of the conditions of supervised release required him to "participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer." The district court did not articulate its reasoning for imposing this condition, and Ross did not appeal his sentence.

In 2007, the government sought revocation of supervised release because Ross, among other things, did not show up to required appointments with his therapist. The Probation Office Violation Report noted that Ross was no longer taking his prescribed psychotropic medication. At the revocation hearing, Ross did not dispute the recommended 11–month sentence, but "ask[ed] that there be no supervision to follow." Making no additional findings, the district court imposed that term of imprisonment and placed Ross on a two-year term of supervised release under the "same terms and conditions" as the original sentence, which in part provided that Ross "shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer."

Ross now appeals the psychiatric treatment condition. He failed to object to that condition, so our review is for plain error. Fed.R.Crim.P. 52(b); *United States v. Stephens*, 424 F.3d 876, 879 n. 1 (9th Cir. 2005). Insofar as psychiatric treatment may include medication, when—as here—a district court imposes a treatment condition without making the on-the-record findings required by *United States v. Williams*, 356 F.3d 1045, 1055–57 (9th Cir. 2004), the "all-encompassing ... condition *must necessarily be understood as limited* to those medications that do not implicate a particularly significant liberty interest of the defendant." *United States v. Cope*,

506 F.3d 908, 919 (9th Cir.2007) (emphasis added). As the government rightly concedes, therefore, the district court could not "properly find [Ross] in violation" of the treatment provision should he fail "to take *psychotropic* medication." (Emphasis added.) In accordance with *Cope*, we construe the terms of Ross' supervised release to be that he "shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer, *but he may not be compelled to take medication that implicates a particularly significant liberty interest, such as psychotropics, without further order of the district court.*"

As to Ross' other belated objections, we hold that the district court did not plainly err in imposing the psychiatric treatment condition, because it was reasonably related to the factors set forth in 18 U.S.C. § 3583(c). *See United States v. Rearden*, 349 F.3d 608, 619 (9th Cir.2003). Ross' argument that it impermissibly delegates judicial authority to the probation office is foreclosed by *Stephens*. *See* 424 F.3d at 880–82 (rejecting constitutional argument); *id.* at 883 (rejecting statutory argument); *see also Rearden*, 349 F.3d at 619.

The district court remains free to modify Ross' conditions of supervised release under 18 U.S.C. § 3583(e)(2).

**AFFIRMED.**